409 F.2d 532
 The STATE OF CALIFORNIA, Acting By and Through the
DEPARTMENT OF WATER RESOURCES, Appellant,
v.
The OROVILLE-WYANDOTTE IRRIGATION DISTRICT, an irrigation
district, and the California Public Utilities
Commission, a public commission, Appellees.
 No. 22126.
 United States Court of Appeals Ninth Circuit.
 March 28, 1969.
 
 1
 Richard D. Martland (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., Iver E. Skjeie, Deputy Atty. Gen., Sacramento, Cal., for appellant.
 
 
 2
 Timothy E. Treacy (argued), Mary M. Pajalich, Roderick B. Cassidy and Harley C. Hardesty, San Francisco, Cal., William Schwarzer (argued), McCutchen, Doyle, Brown & Enersen, san Francisco, Cal., for appellees.
 
 
 3
 Before POPE and CARTER, Circuit Judges, and BYRNE, District Judge.[1]
 
 BYRNE, District Judge:
 
 4
 The plaintiff, Department of Water Resources, appeals from a judgment dismissing its action seeking declaratory and injunctive relief. The dispute involves the potential effect of the Department's Oroville Dam Project upon defendant. Oroville-Wyandotte Irrigation District's South Fork Project. The latter project includes the Miners Ranch Canal and a communication line and maintenance road running along the Canal. The Canal carries water to the District's reservoir and is located partly on lands of the United States.
 
 
 5
 In its complaint the Department alleges that both projects are licensed by the Federal Power Commission. The FPC licensed the South Fork Project in 1952; it licensed the Oroville Dam Project in 1957. After the Oroville Project was authorized, the South Fork Project was modified to provide for enlarged facilities, which included the Canal. The Department alleges that the District now claims, contrary to earlier representations, that the Oroville Project will cause the Canal to fail and that the Department is liable for this damage to the Canal under section 10(c) of the Federal Power Act, 16 U.S.C.A. 803(c) and California Water Code 11590-11592. Section 10(c) provides that an FPC licensee shall be liable for all damages done to the property of others by the construction or operation of the project. The California Water Code provides that the Department of Water Resources has no power to take or destroy the line or plant of any other public utility or state agency unless it furnishes substitute facilities; if the Department and other public utility or state agency are unable to agree upon the character and location of the substitute facilities, they are to be determined by the California Public Utilities Commission.
 
 
 6
 The Department requested the FPC to resolve the conflict, but the FPC denied that it had jurisdiction to determine the liabilities of the parties. The District applied to the California Public Utilities Commission asking it to determine the character and location of substitute facilities under the California Water Code. The Commission has now rendered its final decision (Cal PUC Decision No. 74542) and denied a rehearing (Cal PUC Decision No. 74788). It decided against the Department and held it liable to provide substitute facilities for those taken or destroyed. The Commission's order is subject to FPC approval as it requires modification of the licensed projects. The District has also applied to the FPC for approval of its project 'as built.' The Department has filed a protest wherein it claims that the District built the Canal contrary to its FPC authorization, thereby making the Canal Likely to slide and to fail to function upon completion of the Oroville Dam Project. The Department further claimed that the District failed to disclose in its original application for FPC approval that there was to be a communication line constructed. The FPC trial examiner has issued his initial decision, requiring the District to operate its project consistent with the Oroville Dam Project by assuring reliable operation of the Canal and maintenance road, or providing itself suitable substitute facilities.
 
 
 7
 The Department sought the district court to declare that: (1) the California Public Utilities Commission has no jurisdiction; the liability of one FPC licensee to another is within the exclusive jurisdiction of the district court; (2) the Department is not liable on the merits its for damage to the South Fork Project as a consequence of construction and operation of the Oroville Project in compliance with its FPC license; (3) the FPC has jurisdiction under section 10(c) of the Federal Power Act, 16 U.S.C.A. 803(c), to determine whether the likelihood of damage to the Canal requires substituted or relocated facilities; (4) the effect, if any, caused by operation of the Oroville Project in accordance with its license will not constitute a taking, and if it does constitute a taking, the Department may do so in an action in state or federal court; and (5) the Department may eject the defendant District from lands belonging to the United States which were reserved for use by the Oroville Dam Project, if the District's use conflicts with that of the plaintiff. The Department also asked for an injunction against both defendants from further prosecution of the application before the California Public Utilities Commission. As stated above, the Commission has now rendered its final decision.
 
 
 8
 The Department based jurisdiction in the district court on section 317 of the Federal Power Act, 16 U.S.C.A. 825p. This section provides that: 'The District Courts * * * shall have exclusive jurisdiction of violations of this Act or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, this Act or any rule, regulation, or order thereunder. * * *'
 
 
 9
 The District Court dismissed the action on the ground that it was premature. The Court concluded that nothing had happened upon which it might act as the foundation facts were too speculative and conjectural. The Court, quoting Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 243, 73 S.Ct. 236, 240, 97 L.Ed. 291, noted that 'the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power.' The District Court also noted, quoting Wycoff, supra at 246, 73 S.Ct. at 241, that 'the declaratory judgment procedure will not be used to preempt and prejudge issues that are committed for initial decision to an administrative body or special tribunal any more than it will be used as substitute for statutory methods of review.' We agree that this action was correctly dismissed.
 
 
 10
 The Federal Declaratory Judgments Act, 28 U.S.C.A. 2201, provides an additional remedy but does not add to the jurisdiction of the District Courts. Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617. The requirement of a 'case or controversy' still holds. There is often difficulty in determining whether a case or controversy or an abstract, hypothetical question is present. 'Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826. With respect to some of the declarations sought by the Department of Water Resources, there is not a controversy of sufficient immediacy to warrant declaratory relief. It is too early to determine whether there will be a taking, or whether the Department may eject the District from the United States lands.
 
 
 11
 Although the District Court has jurisdiction to adjudicate a controversy and to award declaratory relief, whether to entertain the action and grant relief is a matter within the discretion of the court. Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; Lear Siegler, Inc. v. Adkins, 9 Cir., 330 F.2d 595; State Farm Mutual Automobile Ins. Co. v. Bonwell, 8 Cir., 248 F.2d 862. This discretion is a judicial discretion and must have a sound basis. Aetna Casualty & Surety Co. v. Quarles, 4 Cir.,92 F.2d 321. An adequate legal remedy is not a bar to the issuance of declaratory relief. Federal Rule of Civil Procedure 57; Bonwell, supra; Delno v. Market St. Ry. Co., 9 Cir., 124 F.2d 965. The suit must, however, be properly in federal court. If there is not diversity, there must be an affirmative claim arising under federal law in order to vest the district court with jurisdiction. The Supreme Court in Wycoff, supra, at 248, 73 S.Ct. 236, expressed doubt that a federal court could entertain an action for a declaratory judgment establishing a defense to a pending or threatened state court action. It is the character of the threatened action, not the defense, which determines federal-question jurisdiction. See also Lear Siegler, Inc., supra.
 
 
 12
 There are basically two reasons for denying federal court declaratory relief at this time. First, it is inappropriate for a court to intervene when a case is properly before an administrative agency. Second, a sound conception of our federal system requires a federal court to withhold intervention with state procedure in the interest of maintaining harmony within the system. Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed 291, illustrates both of these policies. A carrier of film sought a declaration that it was an interstate carrier and exempt from state regulation and it sought an injunction against interference by the State Commission. The Court held that federal court intervention was inappropriate. The Court based its decision on several factors. One was that there was no actual or threatened interference by the Commission, and that the case had not yet matured to the point for judicial decision. Two other policies supported the decision. The declaratory judgment procedure should not be used to prejudge issues properly before administrative agencies. Wycoff, supra, at 246, 73 S.Ct. 236. Also, state administrative bodies have the initial right to reduce general state policies into concrete orders and have the primary duty to take evidence and make findings of fact. Wycoff, supra, at 247, 73 S.Ct. 236. Finally, the Court noted that federal rights are protected by adequate review procedures with ultimate review by certiorari possible in the Supreme Court. Wycoff, supra, at 248, 73 S.Ct. 236.
 
 
 13
 Brillhart, supra, and Lear Siegler, Inc., supra, further support the view that the federal courts, in order to preserve harmony in the federal system, should not intervene when there is a pending state court action in which the plaintiff may raise his federal law claims. This principle includes within its scope pending state administrative proceedings as well. The Court must balance the needs of the plaintiff with the consequences of federal intervention. Eccles v. Peoples Bank of Lakewood Village, Cal., 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784. To the same effect is Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407, where the Court indicates that a District Court should not intervene when there is adequate state review in order to avoid needless friction and obstruction of state policies.
 
 
 14
 Applying the above principles to the present case, we find that the District Court did not abuse its discretion in denying declaratory and injunctive relief. The District Court was asked to prejudge issues properly before administrative agencies. The California Public Utilities Commission has the primary right of determining its own jurisdiction, and it would be inappropriate for a federal court to pre-empt this question. Any federal law defenses could have been presented before the Commission; ultimate review in the Supreme Court is always possible.
 
 
 15
 The Department urges that First Iowa Hydro-Electric Cooperative v. FPC, 328 U.S. 152, 66 S.Ct. 906, 90 L.Ed. 1143, applies. In that case, the FPC refused to issue a license until the applicant obtained approval from the state. The Court held that this gave the state a veto power over federal projects and destroyed the effectiveness of the Federal Power Act. In the present case, however, the California Public Utilities Commission does not have a veto power over the Department's Oroville Dam Project. It is merely charged with the duty of determining the liability for damage done by one California agency to the property of another.
 
 
 16
 Having decided that denial of declaratory relief was not an abuse of discretion, it follows that denial of an injunction to restrain the proceedings before the Commission was also proper.
 
 
 17
 The judgment of dismissal is affirmed.
 
 
 
 [1]
 Hon. William M. Byrne, United States Senior District Judge, Los Angeles, California, sitting by designation