**FIREMEN'S INSURANCE COMPANY OF NEWARK, N. J., Plaintiff,**

v.

**Patrick D. RILEY, Administrator of the Estate of James B. Riley, deceased, and William W. Riddle, Jr., Administrator of the Estate of William W. Riddle, deceased, Defendants.**

**Civ. A. No. 6774.**

United States District Court,
W. D. Kentucky,
Louisville Division.

Feb. 4, 1971.

C. Alex Rose, Louisville, Ky., for plaintiff.

Harry L. Hargadon, Louisville, Ky., for defendants.

## MEMORANDUM AND ORDER

JAMES F. GORDON, Chief Judge.

This matter comes before the Court on defendants' motion to dismiss this action for a declaratory judgment. The following facts are not in dispute.

On February 11, 1969, a car owned by Ira A. Foley and driven by William W. Riddle was involved in an accident on Highway 60 in Jefferson County, Kentucky. At the time the accident occurred there was in force a policy of liability insurance issued to Foley by the plaintiff, Firemen's Insurance Company of Newark, N. J. ("Firemen's"). Riddle and one James B. Riley died of injuries sustained in the auto accident.

Following the accident Patrick D. Riley, Administrator of the Estate of James B. Riley, sought a recovery in Jefferson Circuit Court against Foley and William W. Riddle, Jr., Administrator of the Estate of William W. Riddle. Prior to trial the action was dismissed as to Foley. Firemen's denied coverage as to Riddle, but defended the action on behalf of Riddle on condition that Firemen's did not waive its right to deny coverage in the event of an adverse judgment. On November 12, 1970, a judgment was entered against the Riddle Estate in the amount of $57,500.

On November 13, 1970, Firemen's filed an action in this Court seeking a declaration that as a matter of law the policy of liability insurance issued to Foley afforded no coverage as to Riddle.

Following the judgment referred to above there was issued in Jefferson Circuit Court an execution against the property of the Riddle Estate. This execution was duly placed in the hands of the Sheriff of Jefferson County, and on December 2, 1970, the execution was returned by the Sheriff bearing the endorsement "no property found".

On or about December 3, 1970, Patrick D. Riley, Administrator of the Estate of James B. Riley, filed an action in Jefferson Circuit Court against Firemen's, William W. Riddle, Jr., Administrator of the Estate of William W. Riddle, and Seaboard Fire & Marine Insurance Company ("Seaboard"). The complaint recited the judgment of November 12, 1970, alleged that at the time of the auto accident Riddle was covered by separate policies of liability insurance issued by Firemen's and Seaboard, and demanded a recovery against Firemen's and Seaboard in the amounts of $47,000 and $10,000, respectively.

Despite defendants' contentions to the contrary, it is clear that this Court has jurisdiction to hear this case. Firemen's is a New Jersey corporation with its principal place of business in New York, defendants are citizens of Kentucky, and the amount in controversy exceeds $10,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). However, the conclusion that we have the *power* to hear this case does not end our inquiries, since it is well settled that the decision to entertain a suit for a declaratory judgment rests upon the sound discretion of the Court. Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 112, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962); Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

■ Since adoption of the Federal Declaratory Judgment Act in 1934 numerous guidelines have been fashioned to aid the Court in the exercise of its discretion. Thus it has been said that the Court may refuse to entertain an action for a declaratory judgment where the relief sought would not terminate the controversy between the parties, Williams v. Ball, 294 F.2d 94 (2nd Cir. 1961), or where the declaratory judgment action is being used for "procedural fencing". Franklin Life Insurance Co. v. Johnson, 157 F.2d 653 (10th Cir. 1946). At the same time, the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases *where it is appropriate.* Fed.R.Civ.P. 57. Having reviewed the relevant case law we believe it to be a valid generalization that the determinative factor is whether the declaratory action will result in a just and more expeditious and economical determination of the entire controversy. *See* Guardian Life Insurance Co. of America v. Kortz, 151 F.2d 582, 586 (10th Cir. 1945); C. Wright, Federal Courts 392 (1963).

■ The facts set out above clearly demonstrate that this action for a declaratory judgment will actually increase, rather than decrease, the number of lawsuits spawned by the unfortunate occurrence of February 11, 1969. For even if we were to overrule this motion to dismiss and hold for plaintiff on the merits, the Estate of James B. Riley presumably would proceed with its suit against Seaboard in Jefferson Circuit Court. Thus, to entertain this action for a declaratory judgment would be to condone piecemeal adjudication of the various issues raised by the parties—a result that is totally inconsistent with "a just and more expeditious and economical determination of the entire controversy".

■ In its response to defendants' motion to dismiss Firemen's quite correctly points out that at the time the declaratory judgment action was filed in this Court no action against Firemen's was pending in the state court. However, the mere fact that Firemen's succeeded in filing its complaint in this Court some three weeks before the Riley Estate filed its action in Jefferson Circuit Court does not automatically entitle Firemen's to a federal declaratory judgment hearing. Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952); Shell Oil Co. v. Frusetta, 290 F.2d 689 (9th Cir. 1961). It is not the purpose of the Declaratory Judgment Act to encourage a race to the courthouse. Rather, the purpose of the Act is "to afford an added remedy to one who is uncertain of his rights and who desires an early adjudication thereof without having to wait until his adversary should decide to bring suit, and to act at his peril in the interim". *Shell Oil Co.,* supra, at 692.

■ In view of the purposes of the Declaratory Judgment Act as set forth above, we do not believe that Firemen's situation as of November 13, 1970, was one of those which the Act was designed to remedy. In the first place, nothing required Firemen's to act at its peril pending adjudication of the coverage issue. Firemen's had already defended the Riddle Estate in the first action brought by the Riley Estate, and all that remained to be decided was whether William W. Riddle was an insured within the terms of the policy. And in the second place, we find nothing in the facts to justify uncertainty on the part of Firemen's as to *whether* the Riley Estate would assert its alleged rights under the insurance policy or *when* it would do so. Firemen's had denied coverage as to Riddle prior to trial of the first action, and having participated in the defense of the Riddle Estate Firemen's undoubtedly knew, or should have known, that the Estate was judgment-proof. On the contrary, the fact that this suit for a declaratory judgment was filed *one day* after judgment was en-

tered against the Riddle Estate in the state court suggests, not that Firemen's was uncertain as to the future actions of the Riley Estate, but that it (Firemen's) desired to accomplish by means of the Declaratory Judgment Act that which possibly could not be accomplished by removal. That such a result should not be permitted is illustrated by the following language of the Court of Appeals for the Fourth Circuit:

> We think that this discretion [to grant or refuse declaratory relief] should be liberally exercised to effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations * * * but it should not be exercised * * * for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction. The object of the statute is to afford a new form of relief where needed, not to furnish a new choice of tribunals or to draw into the federal courts the adjudication of causes properly cognizable by courts of the states.

Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321, 324 (4th Cir. 1937).

In ruling on this motion to dismiss we have given careful consideration to Maryland Casualty Co. v. Faulkner, 126 F.2d 175 (6th Cir. 1942), and we find the facts of that case to be distinguishable from those at bar. In *Faulkner*, there were four suits against two separate defendants pending in the state court at the time the District Court sustained the motion to dismiss the suit for a declaratory judgment. Since all the parties to the several state court actions were before the District Court, a decision by the District Court to entertain the action would have avoided "a multiplicity of suits, or defenses". 126 F.2d at 178. As we have pointed out earlier in this Memorandum, such is not the case here.

Defendants' motion to dismiss is sustained.