**TWIN CITY FEDERAL SAVINGS AND LOAN ASSOCIATION, a United States of America corporation, Plaintiff,**

v.

**Joseph L. GELHAR and Pamela R. Gelhar, husband and wife, Robert L. McDonough, and Diane M. Fuhr, Defendants.**

**TWIN CITY FEDERAL SAVINGS AND LOAN ASSOCIATION, a United States of America corporation, Plaintiff,**

v.

**Kenneth B. HOEG and Margean E. Hoeg, husband and wife, Defendants.**

Nos. Civ. 3–81–827, Civ. 3–81–347.

United States District Court,
D. Minnesota,
Third Division.

Nov. 3, 1981.

---

Mackall, Crounse & Moore, Gregory J. Pulles, Minneapolis, Minn., for plaintiff.

Holmes & Graven, Larry M. Wertheim, Minneapolis, Minn., Moratzka, Dillon & Kunkel, Phillip L. Kunkel, Hastings, Minn., for defendants.

## MEMORANDUM & ORDER

DEVITT, Senior District Judge.

In these declaratory judgment actions by Twin City Federal Savings and Loan Association ("TCF"), a federally chartered savings and loan association, against several of its mortgagors, we are asked to determine the validity of a home mortgage "due on sale" clause. TCF is chartered under the provisions of the Home Owners' Loan Act of 1933, 12 U.S.C. §§ 1461 *et seq.* These are two of eighteen similar lawsuits pending in this district and of many brought, some already decided, in other federal and state courts occasioned in large part by the unsettled home mortgage market. Jurisdiction is alleged under 28 U.S.C. §§ 1331 and 1337.

Defendants Hoeg and Gelhar are parties to real estate mortgages with TCF as mortgagee. Both mortgages contain standard "due on sale" clauses which provide for acceleration of the balance due on the promissory note secured by the mortgage in the event of sale or transfer of the property without TCF's consent. Minnesota law, Minn.Stat. § 47.20, subd. 6, prohibits under certain conditions the enforcement of this type of due on sale clause against residential mortgagors. Federal Home Loan Bank Board Regulation § 545.8–3(f), 12 C.F.R. § 545.8–3(f) (1981) permits federally chartered savings and loan associations to include due on sale clauses in their loan instruments. The seeming conflict between these two laws is the basis of the assertion of federal jurisdiction in these lawsuits. Plaintiff seeks a declaration that state law is preempted by federal law in this field, and that it is entitled to prevail in state court foreclosure proceedings. The Minnesota Supreme Court has held that Minnesota law in this field is not preempted by federal law. *Holiday Acres No. 3 v. Midwest Federal Savings & Loan Ass'n*, 308 N.W.2d 471 (Minn.1981). Defendants move to dismiss under Fed.R.Civ.P. 12 for lack of federal jurisdiction.

Consideration of the issue of whether federal jurisdiction exists in this case is the same under both 28 U.S.C. §§ 1331 and 1337; in either case the action must "arise under" the laws of the United States. *See Madsen v. Prudential Federal Savings & Loan Ass'n*, 635 F.2d 797, 800, n.6 (10th Cir. 1980); *Yancoskie v. Delaware River Port*

*Authority,* 528 F.2d 722, 725 (3d Cir. 1975); *Springfield Television, Inc. v. City of Springfield, Mo.,* 428 F.2d 1375, 1379 (8th Cir. 1970).

In order to establish federal jurisdiction, the asserted federal right must be an essential element of the plaintiff's cause of action, and the federal controversy must be "disclosed upon the face of the complaint, unaided by the answer ...." *Gully v. First National Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936).

In this case the claim of federal preemption is made in anticipation of defendants' expected defense to the intended foreclosure action, *i.e.,* that state law prohibits enforcement of the due on sale clause. This is not an appropriate basis for federal jurisdiction. A complaint " 'will not avail as a basis of federal jurisdiction insofar as it goes beyond a statement of plaintiff's cause of action and anticipates *or replies to* a probable defense.' " *Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 127–28, 94 S.Ct. 1002, 1003–04, 39 L.Ed.2d 209 (1974), quoting, *Gully v. First National Bank,* 299 U.S. at 113, 57 S.Ct. at 98 (emphasis supplied). The claim of federal preemption in this context is defensive in nature and as such will not support federal jurisdiction. *See Home Federal Savings & Loan Ass'n v. Insurance Dept. of Iowa,* 571 F.2d 423 (8th Cir. 1978).

This position is consonant with that recently reached by Judges MacLaughlin and Renner in remanding to state court two removed cases seeking federal jurisdiction of the preemption issue. *See Colton v. Twin City Federal Savings and Loan Ass'n,* Civ. 3–81–279 (D.Minn., filed August 10, 1981) (Renner, J.); *Torgerson-Forstcom H.I of Willmar, Inc. v. Olmstead Federal Savings and Loan Ass'n,* Civ. 4–80–122 (D.Minn., filed April 29, 1980) (MacLaughlin, J.).

Even if this court had jurisdiction over these cases, they are not appropriate for declaratory judgment. The Declaratory Judgment Act, 28 U.S.C. § 2201, grants district courts the discretion to declare rights, but it does not impose a duty to do so. *E.g., Public Service Commission of Utah v. Wycoff Co.,* 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952); *Alsager v. District Court of Polk Cty, Iowa, (Juv. Div.),* 518 F.2d 1160, 1163 (8th Cir. 1975); *Universal Underwriters Insurance Company v. Wagner,* 367 F.2d 866, 871 (8th Cir. 1966). An action for declaratory relief properly should be entertained where a judgment will serve a useful purpose in clarifying and settling legal relations, and where it will terminate the proceedings and afford relief from uncertainty, insecurity and controversy. *Id.* at 1163–64.

In this instance, a declaratory judgment would not terminate the controversy between the parties. It would serve only as a preface to the statutory foreclosure proceedings under state law. *See* Minn.Stat. Ch. 580. Plaintiff's complaints clearly evidence its intention to commence foreclosure proceedings, and its prayer for relief specifically requests a declaration of its right to prevail in those proceedings.

Declaratory relief should be refused where it will not result in a more just and expeditious resolution of the entire controversy between the parties. *Fireman's Insurance Company of N.J. v. Riley,* 322 F.Supp. 349, 351 (W.D.Ky.1971). Where declaratory relief is sought to anticipate the trial of an issue in a court of coordinate jurisdiction, the court's discretion to entertain the action should not be exercised. *Id.* at 352. The state courts have an obligation, no less binding than ours, to faithfully interpret federal constitutional questions. Resort may be had to the United States Supreme Court for claimed erroneous interpretations of the United States Constitution.

While the availability of another remedy does not preclude declaratory relief in appropriate cases, where that other remedy can afford more effective relief, an action for declaratory relief should not be entertained. *See* Fed.R.Civ.P. 57; *City of Highland Park v. Train,* 519 F.2d 681, 693 (7th Cir. 1975), *cert. denied* 424 U.S. 927, 96

S.Ct. 1141, 47 L.Ed.2d 337 (1976); *Cartier v. Secretary of State*, 506 F.2d 191, 200 (D.C. Cir.1974). In this instance, direct, appropriate and complete relief can be afforded in the state court foreclosure proceedings.

In view of that, and because plaintiff's seeking declaratory relief in this court after the Minnesota Supreme Court has decided the preemption issue appears to be "procedural fencing" and "judge shopping" and will not provide an expeditious and economical resolution of the issues, we would decline to exercise our discretion to consider the requested relief even if jurisdiction existed. *See Board of Ed., Cincinnati v. Department of H.E.W.*, 396 F.Supp. 203, 249–50 (S.D.Ohio 1975), *modified on other grounds*, 532 F.2d 1070 (6th Cir. 1976); *Fireman's Insurance Company of Newark, N.J. v. Riley*, 322 F.Supp. at 351.

Defendants' motions to dismiss are GRANTED.