NAVISTAR INTERNATIONAL
CORPORATION

v.

Mike Wade EMERY and Billy Wayne
Watson, d/b/a Marshall Truck
Equipment Co.

No. CA3–86–1365–F.

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 11, 1986.

Judy C. Norris, Thompson & Knight, Dallas, Tex., for plaintiff.

Carl Roth, Jones, Jones, Baldwin, Curry & Roth, Marshall, Tex., for defendant.

## MEMORANDUM ORDER

ROBERT W. PORTER, District Judge.

Pending before the Court is Defendants' motion to dismiss or stay action. For the reasons given below, the Court has decided to grant the motion to dismiss.

First the procedural background. On June 3, 1985, Mike Wade Emery and Billy Wayne Watson d/b/a Marshall Truck Equipment Company ("Marshall Truck"), the Defendants in this declaratory judgment action, filed suit in Federal Court in the Eastern District of Texas, Marshall Division, alleging antitrust violations under the Sherman Act against Navistar (here Plaintiff, there Defendant) and Pliler International Trucks, Inc. ("Pliler"). Marshall Truck abandoned its cause of action under the Sherman Antitrust Act, and the Court dismissed the remaining causes of action because the remaining controversies were not wholly between citizens of different states since Defendant Pliler was a citizen of the State of Texas with its principal place of business in Longview, Texas, and Plaintiffs Emery and Watson (Marshall Truck) are also citizens of Texas. The Eastern District of Texas case was dismissed with prejudice with regard to the federal antitrust claims and without prejudice with regard to the state law claims. This dismissal issued May 19, 1986. Two days later, Defendant in the instant action, Marshall Truck, filed suit in Harrison County Court. On the same day, the Plaintiff in the instant action, Navistar, filed suit. There is some dispute as to who filed first on May 21, but this is not controlling, though it could be relevant. *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 677 (5th Cir.1973).

Plaintiff Navistar claims that it filed this declaratory judgment action because it "was faced with continuing claims by Marshall Truck of a contractual right to purchase truck parts from Navistar and Navistar denied the existence of such contractual right."

The issues determining this case are two-fold. First, what is the standard for abstention where there is a declaratory judgment action and second, should this Court abstain from hearing this case?

Plaintiff argues that the United States Supreme Court set the standard in 1976, when the Court stated that "[a]bstention from federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The Plaintiff argues that "abdica-

tion of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important counter-claiming interest." *Id.*

■ Defendant counters, however, that a federal court's discretion to defer to a state court action is not narrowly circumscribed by the "exceptional circumstances" test of *Colorado River* when the federal action is one of declaratory relief. *Mission Insurance Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 601 n. 1 (5th Cir.1983). *See Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 495, 62 S.Ct. 1173, 1175–76, 86 L.Ed. 1620 (1942). This Court concludes that the correct standard for considering the question of abstention where there is a declaratory judgment action is not the exceptional circumstances test of *Colorado River,* but the test given in *Mission Insurance,* namely of permitting the district court to use adequate discretion in declaratory judgment cases. To decide otherwise would vitiate the policy of 28 U.S.C. § 2201, which is to provide the district court adequate discretion to determine whether to try a declaratory judgment action or to decline to try such an action.

Having established the standard for considering this question the Court now considers whether to decide this particular declaratory judgment action. The Court has determined not to decide this declaratory judgment action, but to dismiss it.

■ There is no absolute right to declaratory judgment in the Federal Courts. Section 2201 of Title 28 of the United States Code states only that those courts "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201 (1982) (emphasis added). Whether a court decides to do so in a particular case is a matter of judicial discretion. *Zemel v. Rusk,* 381 U.S. 1, 19, 85 S.Ct. 1271, 1282, 14 L.Ed.2d 179 (1965). The Declaratory Judgment Act "is an enabling Act which confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* It gives the

federal court "a choice, not a command" to adjudicate. *Dresser Industries, Inc. v. Insurance Company of North America,* 358 F.Supp. 327, 330 (N.D.Tex.1973), aff'd without opinion, 475 F.2d 1402 (5th Cir.1973).

■ The Court declines to grant declaratory relief because another remedy will be more effective or appropriate under the circumstances. *Dresser Indus., Inc. v. Ins. Co. of America,* 358 F.Supp. 327 330, (N.D.Tex.1973) aff'd without opinion 475 F.2d 1402 (5th Cir.1973). A second reason to decline to grant declaratory relief is that a federal court may consider whether the claims of all parties and interests can satisfactorily be adjudicated in that proceeding. *PPG Industries, Inc. v. Continental Oil Co.* 478 F.2d 674, 683 (5th Cir.1973). Essentially, the only issue in this declaratory judgment action filed by Plaintiff is whether a valid contract binds the parties. However, the issues in the suit filed in Harrison County Court include antitrust violations under Texas law, breach of contract, tortious interference with contract, and conspiracy. Simply deciding whether a valid contract binds the parties would not dispose of all the issues. Remedies available in state court would be more effective and more appropriate.

■ The Court does not merely stay the proceedings, because as stated in the facts, Navistar fears that it will be faced with continuing claims by Marshall Truck. Therefore, it might very well want to counter-claim for a declaratory judgment in the state court. However, under Texas law, a Texas state court cannot issue a declaratory judgment when a Federal Court has jurisdiction over the case, even when that Federal Court has stayed proceedings. The state court rationale is that Texas state courts should not issue advisory opinions. *United Services Life Ins. Co. v. Delaney,* 396 S.W.2d 855, 856 (Tex.1965). The United States Supreme Court has endorsed this, and would permit Federal District Courts sitting in Texas to dismiss without prejudice rather than stay proceedings. *Harris County Commrs. Court v. Moore,*

420 U.S. 77, 88 n. 14, 95 S.Ct. 870, 878 n. 14, 43 L.Ed.2d 32 (1975).

It is therefore ORDERED that this case is dismissed.