Tonie DAWSON

v.

**WYATT'S CAFETERIAS, INC.**

**Civ. A. No. 1:91 CV 505.**

United States District Court,
E.D. Texas,
Beaumont Division.

April 30, 1992.

Fern V. Jacobs, Dryden, Grossheim & Sutton, Beaumont, Tex., for plaintiff.

Bettye S. Springer, Kent Smith, Haynes & Boone, Fort Worth, Tex., for defendant.

## MEMORANDUM ORDER

COBB, District Judge.

Plaintiff Dawson filed this lawsuit for personal injuries in state court. Defendant Wyatt's removed on the grounds that a suit for benefits under an ERISA plan is preempted. Dawson moved for remand, arguing that the suit arose under the state workers compensation laws and that ERISA did not preempt the suit. Before Dawson moved for remand, the court permitted the Texas Board of Insurance to intervene and seek a declaratory judgment that ERISA did not preempt suit in state court. Wyatt's cross-claimed for declaratory relief. This court remanded to state court, ruling that federal question jurisdiction was lacking. Wyatt's now seeks a "correction" of the remand order to allow the declaratory actions to remain in federal court.

 Both the Board's and Wyatt's motions for declaratory judgment are predicated on the federal Declaratory Judgment Act, 28 U.S.C. § 2201. The Act is not an independent source of subject matter jurisdiction; it merely creates a remedy in cases in which jurisdiction already attaches.

*Bulk Distribution Centers, Inc. v. Monsanto Co.*, 589 F.Supp. 1437 (S.D.Fla.1984). This court previously decided that subject matter jurisdiction over the underlying dispute does not lie in this court and remanded to state court. In so doing, the court lost power to affect the course of litigation except in limited circumstances. *See, e.g.,* Fed.R.Civ.P. 60(a) (permitting correction of clerical errors in orders). This case does not present such a situation.

The proper forum for decision of this dispute is the state court. The proper parties and the scope of inquiry are issues for the state court. This court will not attempt to interfere.

Accordingly, Wyatt's Motion for Correction of Omission in Order is DENIED.