**John DUZICH, Plaintiff,**

v.

**COASTAL PLAINS PRODUCTION CREDIT ASSOCIATION and Farm and Home Credit Bank of Texas, Defendants.**

Civ. A. No. C–94–188.

United States District Court,
S.D. Texas,
Corpus Christi Division.

Aug. 18, 1994.

---

William H. Berry, Jr., Corpus Christi, TX, for plaintiff.

Lee Casstevens, Wood, Burney, Cohn & Viles, Corpus Christi, TX, for defendants.

## ORDER

JACK, District Judge.

Plaintiff moves for declaratory judgment, damages, and injunction of state court action. Specifically, Plaintiff asks this court 1) to declare that under the terms of an Agreed Final Judgment entered in a related case in 1984, all obligations to the Defendants on a mortgage were extinguished, 2) to enjoin state court action on Defendants' counterclaim for a deficiency judgment, and 3) to enter sanctions pursuant to F.R.Civ.P. 11.

## I.  JURISDICTION

Plaintiff files pursuant to 28 U.S.C. sections 2201 (Declaratory Judgment Act) and 2283 (Anti–Injunction Act), F.R.Civ.P. 57 (Declaratory Judgments), F.R.Civ.P. 11, and 28 U.S.C. 1331 (federal question).  For reasons discussed below, the Court DISMISSES the case after declining jurisdiction.

## II.  FACTS AND PROCEEDINGS

In January 1982, seaman Ronald Baham sued the vessel Miss Suni Suzanne and John Duzich in this court, file number C–82–5, for enforcement of a judgment entered in Virginia state court.  In July 1982, Coastal Bend Production Credit Association [hereinafter "CBPCA," although its name changed to Coastal Plains Production Credit Association in 1989] sued the vessel and Duzich in this court, C–82–145, for full payment on a promissory note.  In October 1982, the two cases were consolidated into C–82–5.

In October 1982, the Miss Suni Suzanne was sold to CBPCA at a U.S. Marshal's sale for $75,000.  In January 1983, the vessel was sold for $150,000.  An Order of Dismissal was entered in May 1984, and an Agreed Final Judgment was entered in June 1984 that credited $75,000 against Duzich's mortgage indebtedness.

In June 1985, John Duzich received a demand letter for approximately $175,000 principal on the mortgage.  Nine days later, Duzich and the Miss Suni Suzanne filed a Petition for Interpleader and Declaratory Judgment in Texas state court that Plaintiffs did not owe the money to CBPCA.  In January 1989, CBPCA filed a counterclaim for payment of principal and interest under the note.  In August 1990, Farm Credit Bank [hereinafter "FCB"] purchased the note from CBPCA, and in January 1993, Plaintiffs amended their suit to include FCB and several other causes of action.

These state causes of actions also involved Plaintiffs' charges that an insurance agency and two insurance companies had failed to adequately defend them in the suit filed by Baham.  When the agency was dismissed, the insurance companies removed the case to federal court.  Plaintiffs filed a motion for remand to state court, which was granted in an Order dated September 19, 1987.  (Cause # C–86–141)

Over the next four months, both sides filed motions for summary judgment.  In October 1993, the Texas district court denied Duzich's Motions for Summary Judgment.

Plaintiff now asks this court for a declaratory judgment regarding the effect of the

Agreed Final Judgment entered in this court in 1983 and barring the Defendants' claims on the basis of res judicata and collateral estoppel and for an injunction against the Defendants' pursuing their claim in state court. The Defendants argue that this case should be tried in state court, that declaratory judgment is inappropriate, and that its counterclaim does not involve relitigation.

## III. DISCUSSION

### A. Declaratory Judgment

■ First, Plaintiff seeks a declaratory judgment under 28 U.S.C. Section 2201. The language of Section 2201 requires that there be "an actual controversy within its jurisdiction" before a court may issue a declaratory judgment. 28 U.S.C.A. 2201 (1994). Section 2201 does not, in and of itself, confer jurisdiction. *E.g., Dawson v. Wyatt's Cafeterias, Inc.,* 792 F.Supp. 521, 522 (E.D.Texas 1992). Rather, jurisdiction is generally conferred under 28 U.S.C.A. 1331 (1993). "[A] complaint for coercive relief properly invokes federal jurisdiction where its well-pleaded allegations raise a substantial issue of federal law." *Mobil Oil Corp. v. City of Long Beach,* 772 F.2d 534, 539 (9th Cir.1985). The *Mobil Oil* court explained the interplay of these statutes:

> Essentially, a declaratory relief action brings an issue before the court that otherwise might need to await a coercive action brought by the declaratory relief defendant. To decide whether a well-pleaded complaint for declaratory relief properly asserts a substantial federal claim, we must determine whether, absent the availability of declaratory relief, the instant case could nonetheless have been brought in federal court. In so deciding, it is helpful to analyze the nature of the assumed coercive action by the defendant.

*Id.*

For example, in a case involving the interpretation of a contract for oil production that turned on the characterization of a federal tax as an excise tax or a tax on profits, the Fifth Circuit examined whether a federal issue would be a necessary element of a well-pleaded complaint to enforce contractual rights. *Id.* at 539–40. Noting that discussion of the federal tax may be relevant but that it would also be collateral to the central issue, the court held that there was no basis for federal question jurisdiction. *Id.* at 540.

Plaintiff Duzich similarly fails to demonstrate a basis for this court's jurisdiction. In fact, when this state action was removed to this court in 1986, this court on Plaintiff's motion found no jurisdiction and ordered a remand. (C–86–141) In addition, *Mobil Oil* suggests examining the nature of the anticipated coercive action by the Defendants. Here, Defendants' counterclaim for the balance of the mortgage simply does not involve a substantial federal issue. Just as the well-pleaded complaint in *Mobil Oil* would have reasonably been expected to focus on the private contractual agreement, the Defendants' complaint here could be reasonably expected to focus on the private contractual agreement for the mortgage of the Miss Suni Suzanne. While 46 U.S.C.A. section 31325(c) (1994) does grant the district court's original jurisdiction of a civil action brought under Section 31325(b) (default of preferred mortgage), that jurisdiction is not exclusive of the state courts in a simple civil deficiency action. 46 U.S.C.A. Section 31325(c) (1994).

■ Even if a clearer federal issue were involved, a court's decision whether to grant relief under the Declaratory Judgment Act is a matter of discretion, *Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 601 (5th Cir.1983), thus " 'giv[ing] the court a choice, not a command.' " *Id.* (quoting *Dresser Industries, Inc. v. Insurance Co. of North America,* 358 F.Supp. 327, 330 (N.D.Texas), *aff'd,* 475 F.2d 1402 (5th Cir. 1973)). In choosing, the court considers a number of factors, including whether a pending state court action will fully litigate the controversies between the parties and whether the complaint's purpose is forum shopping. *Torch, Inc. v. LeBlanc,* 947 F.2d 193, 195 (5th Cir.1991).

Plaintiff did not bring this action in federal court after the demand letter in June 1985. Rather, Plaintiff sought relief in state court and continued to seek relief in that court until approximately nine years later when, apparently disheartened by the trial court's

denial of his summary judgment motion, Plaintiff filed this action in federal court.

That this court suddenly became the appropriate forum only after denial of Plaintiffs' Motion for Summary Judgment does not appear to be coincidental. Forum shopping should not be encouraged. *See Torch*, 947 F.2d at 195. The state court is perfectly capable of fully litigating the controversies between the parties.

The Court declines to exercise jurisdiction under 28 U.S.C. Section 2201.

### B. Anti–Injunction Act

In addition, the Plaintiff argues that this Court has jurisdiction under the Anti–Injunction Act to enjoin further consideration of the deficiency issue by state court. 28 U.S.C.A. Section 2283 (1978) precludes federal courts from enjoining state court proceedings except "authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The statute "is not a jurisdictional statute, but goes only to the granting of a particular form of equitable relief." *Matter of Mooney Aircraft, Inc.*, 730 F.2d 367, 373 (5th Cir. 1984). Although Duzich now argues that the third exception must be exercised to protect the Agreed Final Judgment and to prevent relitigation, the words of Judge John Minor Wisdom seem particularly appropriate:

> We take the view that a complainant must make a strong and unequivocal showing of relitigation of the same issue in order to overcome the federal court's proper disinclination to intermeddle in state court proceedings. If we err, all is not lost. A state court is as well qualified as a federal court to protect a litigant by the doctrines of res judicata and collateral estoppel.

*Southern California Petroleum Corp. v. Harper*, 273 F.2d 715, 719 (5th Cir.1960).

It makes little sense for the court to decline jurisdiction and then enjoin the state court from acting. (See discussion *supra.*) Further, it is absurd for Duzich to request this Court to enjoin the state cause of action when, at Duzich's urgings, this court previously remanded that same cause in an Order of Remand (Cause # C–86–141) dated September 19, 1987, stating the following:

> After conducting a hearing on this motion, this Court finds that Plaintiff and Defendant, Coastal Bend Production Credit Union, are both citizens of Texas. Because there is not complete diversity between the parties, and this case does not involve a federal question, this Court lacks subject matter jurisdiction over this action.

After a District Court remands a case to state court, it may not enjoin that court from proceeding. *See Federal Deposit Ins. Corp. v. Santiago Plaza*, 598 F.2d 634 (1st Cir.1979).

Broader "principles of equity, comity, and federalism oblige federal courts to act with great restraint, *even where the power to grant an injunction has been found to lie....*" *American Town Center v. Hall 83 Associates*, 912 F.2d 104, 111 (6th Cir.1990).

Therefore, this Court finds no exception to 28 U.S.C. Section 2283 in the instant case.

### C. SANCTIONS

Imposition of sanctions is both inappropriate and outside the jurisdiction of this court and is denied.

It is hereby ordered that the cause is dismissed. Costs are awarded against Plaintiff.