## 56063. KENDALL et al. v. TOWNS COUNTY et al.

QUILLIAN, Presiding Judge.

The plaintiffs, chairman and members of the Towns County Board of Education and on behalf of the Towns County School District, filed suit against Towns County and the sole commissioner thereof seeking a declaratory judgment regarding the interpretation of public law number 94-565 (31 USCA § 1601 et seq.). The statute provides for the federal government making payments in lieu of taxes to units of local government for certain federal lands located within their boundaries (referred to as "entitlement lands"). The plaintiff's sought a construction of the statute whereby all funds payable thereunder be divided in proportion to the millage rates between the board of education and the county, or, in the alternative, that the county would be authorized to pay the funds to the board of education should it desire.

The plaintiffs, the defendants, and other interested parties submitted briefs relating to the issues of the construction of the statute and the intent of Congress. As stipulated by counsel, the trial judge considered the answer to three questions:

"1. Is it mandatory that the governing authority share the funds with the school board on a proportionate basis?

"2. Is the county restricted by law from paying over any of the funds to the school board?

"3. Can the governing authority allocate a portion of the funds to the school board if it desires to do so?"

The trial judge answered the first two questions in the negative but answered question 3 in the affirmative. Appeal was taken by the plaintiffs and error assigned to the trial judge's ruling with regard to the first issue. *Held:*

The plaintiffs have argued at great length regarding the ramifications of the Act and the purpose which Congress sought to achieve. Concerning the Act, "its purpose is to recognize the burden imposed by the tax immunity of federal lands by providing minimum federal payments to units of local government within the

boundaries of which these lands lie." 5 U. S. Code Congressional and Administrative News, pp. 5968, 5969. Despite this and the very persuasive authority cited to us, however, we find that the plaintiffs have sought redress from the wrong forum.

The statute charges that the Secretary of Interior shall "make payments on a fiscal year basis to each unit of local government in which entitlement lands . . .are located. Such payments may be used by such unit for any governmental purpose." 31 USCA § 1601. In another portion of the Act "unit of local government" is defined as "a county, parish, township, municipality,. . .or other unit of government below the state which is a unit of general government as is determined by the Secretary (on the basis of the same principles as are used by the Bureau of the Census for general statistical purposes)." 31 USCA § 1606 (c).

Thus, by the explicit command of the statute and without reference to any other terminology, purpose or intent, the Secretary of Interior is charged with making the determination as to what constitutes a "unit of general government" and thus who receives the payments from the federal government. Pursuant to this authority, the secretary has issued rules and regulations. Volume 42, the Federal Register, Number 189, p. 51580 (September 29, 1977). Within the definitions found in the regulations is "unit of general government" which "means a unit of that type of government which, within its state, is the principal provider of governmental services affecting the use of entitlement lands." The regulations further provide that the term "unit of general government" excludes "single purpose or special purpose units of local government such as school districts or water districts." The regulations state "the following list of local units of general government are. . .determined qualified to receive payments under the Act. . . Georgia — counties and the independent City of Columbus."

In the case sub judice no attack has been made on the authority of the Secretary of Interior to issue the regulations or that his action in doing so was unauthorized, unconstitutional or otherwise unlawful. In such circumstances, we are not empowered to impose our

view of public policy or interpret the statute contrary to the plain language contained therein. Whether, in Georgia's case, it would be more beneficial that payment be made to school boards along with counties is a question of policy which addresses itself to Congress or to the Secretary of Interior who is authorized by Congress to make the determination as to the recipients of the payments. It is well recognized that Congress has the authority to delegate powers of rule-making to an agency. United States v. Shreveport Grain &c. Co., 287 U.S. 77, 85 (53 SC 42, 77 LE 175); Federal Crop Ins. Corp. v. Merrill, 332 U. S. 380, 384 (68 SC 1, 92 LE 10).

Since under the law as written it is provided that the funds allocated may be used for any governmental purpose, the Secretary recognized that "limitations cannot be placed upon the use of these funds by regulations." Thus, in dispensing the funds there are no provisions in the regulations stating how the funds are to be used.

The trial judge correctly interpreted the Act of Congress and the regulations enacted pursuant thereto.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED JUNE 8, 1978 — DECIDED JULY 14, 1978.

*Martin W. Welch,* for appellants.
*Robert A. Del Bello,* for appellees.