Jack and Kathryn **BENSON,**
**Plaintiffs-Appellants,**

v.

**UNITED STATES SMALL BUSINESS ADMINISTRATION et al.,
Defendants-Appellees.**

No. 79–4622.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 1981.

Decided May 11, 1981.

Ronald H. Kagan, Kroff & Kagan, Palo Alto, Cal., for plaintiffs-appellants.

Barbara J. Parker, Asst. U. S. Atty., San Francisco, Cal., John J. Conneely, Brobeck, Phleger & Harrison, San Francisco, Cal., for defendants-appellees.

Before WALLACE and PREGERSON, Circuit Judges, and GRANT,* District Judge.

---

* The Hon. Robert A. Grant, Senior United States District Judge for the Northern District of Indiana, sitting by designation.

PREGERSON, Circuit Judge:

Jack and Kathryn Benson appeal the district court's dismissal of defendant Wells Fargo Bank for lack of subject matter jurisdiction, and grant of summary judgment in favor of defendant SBA. Appellate jurisdiction is proper under 28 U.S.C. § 1291.

The Bensons signed a promissory note for and personally guaranteed a loan of $150,-000 from Wells Fargo Bank. They secured the loan with a second deed of trust on their real property. The SBA guaranteed the loan. A default occurred. The SBA paid Wells Fargo; Wells Fargo assigned the note to the SBA; and the SBA notified the Bensons that it expected them to honor the promissory note, personal guarantee, and second deed of trust. Instead, the Bensons brought suit against the SBA and Wells Fargo Bank to preclude the SBA from enforcing the loan contract and foreclosing on the second deed of trust. They allege that they reluctantly signed the second deed of trust on the representation of a Wells Fargo Bank officer that the SBA never forecloses on second deeds of trust. They argue that, in light of the representation of the bank officer, the SBA should not now be allowed to enforce the loan agreement and foreclose on the second deed of trust.

■ The Bensons contend that subject matter jurisdiction over Wells Fargo Bank is proper under 15 U.S.C. § 636, or, in the alternative, that jurisdiction is proper under the doctrine of pendent party jurisdiction. Nowhere in section 636 does a grant of jurisdiction appear. That statute is plainly inapplicable. Pendent party jurisdiction is equally unavailable. *See Ayala v. United States*, 550 F.2d 1196 (9th Cir. 1977), *cert. dismissed*, 435 U.S. 982, 98 S.Ct. 1635, 56 L.Ed.2d 76 (1978); *Libby, McNeill, and Libby v. City National Bank*, 592 F.2d 504, 510 (9th Cir. 1978).[1]

■ The SBA is not bound by the bank officer's representations. In *United States*

---

1. Jurisdiction over the SBA, however, is proper under 15 U.S.C. § 634(b)(1). *Munoz v. SBA*, No. 79–4208 (9th Cir. May 11, 1981).

*v. Lowell*, 557 F.2d 70 (6th Cir. 1977), defendants agreed to personally guarantee an SBA loan in reliance on the representations of bank officials that defendants' guarantee was a "technical requirement and that they would under no circumstances be called upon to repay the loan." *Id.* at 71. Summary judgment was granted to the United States in its action to recover on the personal guarantee after a default on the loan. In affirming that summary judgment, the Sixth Circuit stated:

> On the issue of fraud raised by the defendants, the district court held that even if the bank or SBA officials told the guarantors that they would not be liable on their guarantees, the guarantors were obligated to ascertain whether such officials were acting within the scope of their authority in doing this. *See Brubaker v. United States*, 342 F.2d 655 (7th Cir. 1965). The district court properly found as a matter of law that the United States was "neither bound nor estopped by acts of its officials or agents in entering into an arrangement or agreement to do or cause to be done what the law does not sanction or permit." *United States v. City and County of San Francisco*, 310 U.S. 16, 32, 60 S.Ct. 749, 757, 84 L.Ed. 1050 (1940).

*Id.* at 72. Here 13 C.F.R. § 122.2(c) requires that all SBA loans be secured; 13 C.F.R. § 122.20(c) provides that lenders "shall not without the prior consent of the SBA, make or consent to any alteration of the terms of the note or related loan instruments; make or consent to any release, substitution, or exchange of collateral." The Bensons do not allege that the SBA consented to the bank officer's representations which materially altered the terms of the written instruments. Accordingly, the district court did not err in granting summary judgment to the SBA.

As to the grant of summary judgment in favor of the SBA, the Bensons assert that the accounting provided by the SBA is insufficient on its face and does not establish the amount they allegedly owed to the SBA. The Bensons do not present any facts or evidence in support of this allega-

tion and have therefore failed to meet their burden in opposing the motion for summary judgment. *Turner v. Local No. 302*, 604 F.2d 1219, 1228 (9th Cir. 1979); Fed.R. Civ.P. 56(e).

 The Bensons also assert that the SBA should be estopped from recovering on the note and guarantee on the ground that fairness demands such an estoppel. There are no equities compelling the application of equitable estoppel in this case. No serious injustice is threatened since the Bensons presumably read the terms of the security agreement they signed which specifically warned them that the security would be in jeopardy in the event of a default on the loan.

AFFIRMED; PARTIES TO BEAR THEIR OWN COSTS ON APPEAL.