# FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF HARRISON, ARKANSAS, Appellant,

v.

Delwyn C. ANDERSON and Lorraine A. Anderson, husband and wife, William G. Brandt and Shirley K. Brandt, husband and wife, and Eugene L. Kennedy and Eulalia Kennedy, husband and wife, Appellees.

# TWIN CITY FEDERAL SAVINGS AND LOAN ASSOCIATION, a United States of America corporation, Appellant,

v.

Joseph L. GELHAR and Pamela R. Gelhar, husband and wife, Robert L. McDonough and Diane M. Fuhr, Appellees.

# TWIN CITY FEDERAL SAVINGS AND LOAN ASSOCIATION, a United States of America corporation, Appellant,

v.

Kenneth B. HOEG and Margean E. Hoeg, husband and wife, Appellees.

Nos. 81–2115, 81–2308.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1982.

Decided June 25, 1982.

Mackall, Crounse & Moore, Gregory J. Pulles, Minneapolis, Minn., for appellant Twin City Federal Sav. and Loan Ass'n.

Moratzka, Dillon & Kunkel, Phillip L. Kunkel, Hastings, Minn., for appellees Joseph L. Gelhar & Pamela R. Gelhar, husband & wife, Robert L. McDonough and Diane M. Fuhr.

Holmes & Graven, Chartered, Larry M. Wertheim, Minneapolis, Minn., for appellees Kenneth B. Hoeg and Margean E. Hoeg.

W. Asa Hutchinson, Bentonville, Ark., for appellees.

Bailey & Paden, P. A., Frank H. Bailey, Richard S. Paden, Mountain Home, Ark., for appellant.

Before ARNOLD, Circuit Judge, STEPHENSON, Senior Circuit Judge, and HANSON,* Senior District Judge.

STEPHENSON, Senior Circuit Judge.

Plaintiff-appellants in these consolidated appeals assert that the district courts incorrectly determined there was no subject matter jurisdiction over their respective claims. We disagree and affirm the district courts' conclusions that these claims are not within "federal question" jurisdiction. *See* 28 U.S.C. §§ 1331, 1337.

## I. BACKGROUND

This opinion discusses two appeals raising nearly identical issues. Because of the great similarity between the questions presented, the legal analysis will cover the two appeals together. The factual and procedural background is set out separately.

---

* The Honorable William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

Plaintiffs in both suits are federally chartered savings and loan associations. They have brought suit to enforce "due-on-sale" clauses contained in real estate mortgages. Specifically, they allege that state laws bringing into question the validity of such clauses are preempted by federal regulations.

▉ In general, due-on-sale clauses provide that in the event property encumbered by a mortgage is sold or otherwise transferred without the prior written consent of the mortgagee, the mortgagee can declare the entire balance of the debt immediately due and owing. *See generally Smart v. First Federal Savings & Loan Association*, 500 F.Supp. 1147, 1149 n.1 (E.D.Mich.1980); *Occidental Savings & Loan Association v. Venco Partnership*, 206 Neb. 469, 293 N.W.2d 843, 844–45 (1980).

### A. *First Federal Savings & Loan Association v. Anderson*

The due-on-sale clause in this case was contained in a mortgage held by Delwyn and Lorraine Anderson and William and Shirley Brandt. The mortgage was executed in November 1974, on property in Bella Vista, Arkansas. It was issued by First Federal Savings & Loan Association of Harrison, Arkansas, and secured a $30,000 loan. The interest rate was nine and one-half percent per annum. The due-on-sale clause was substantially the same as the general description given above.[1]

In November 1980, the Andersons and Brandts sold the property on contract to Eugene and Eulalia Kennedy. The sellers did not seek First Federal's consent prior to the sale. At this time, the mortgagors, the Andersons and Brandts, were current in their payments. After First Federal learned of the transfer, it made a demand for the principal amount due, $25,931.65, interest, late charges and reasonable attorney's fees. The Andersons and Brandts have continued to tender the monthly payments but First Federal has refused to accept.

In February 1981, First Federal filed suit in federal district court. The filing is entitled "complaint for foreclosure." The complaint sought judgment for the amount due on the loan and foreclosure of its mortgage as a first lien on the property.[2] By later amendment, the plaintiff asked the court, in the alternative, for a declaratory judgment stating that federal law preempts state law concerning due-on-sale clauses and that First Federal has a "right" to include such clauses. *See* 28 U.S.C. § 2201.

The underlying legal dispute in this case concerns a 1972 Arkansas Supreme Court decision which apparently held due-on-sale clauses unenforceable unless the sale jeopardizes the mortgagee's security. *See Tucker v. Pulaski Federal Savings & Loan Association*, 252 Ark. 849, 481 S.W.2d 725, 728–31 (1972).[3] The plaintiff savings and

---

1. Paragraph (h)(7) provided:

    (h) *Acceleration.* The maturity of the principal indebtedness secured hereby may be accelerated in any of the following events:

    \*   \*   \*   \*   \*   \*

    (7) If the Mortgagor or assignee sells or conveys (or contracts to sell or convey) all or any part of the mortgaged property without the written consent of the holder of said note.

2. Specifically, the complaint, in part, prayed for:

    A. That plaintiff have judgment against the defendants Anderson/Brandt in the sum of $26,208.98, plus daily interest from February 9, 1981, in the amount of $6.82 per day, for attorney's fees and costs.

    B. That the interest of Kennedy in said lands be declared to be subservient to the plaintiff's mortgage.

C. That plaintiff First Federal be declared to have a first lien on said lands.

D. That if the judgment of the Court is rendered in favor of the plaintiff and is not paid within ten days, a commissioner be appointed to sell said lands with the proceeds distributed with priority according to the lawful interest of the parties.

E. That if the proceeds of such sale are not sufficient to satisfy such judgment, plaintiff have judgment against said defendants Anderson/Brandt to be enforced by garnishment or writ of execution.

3. The litigants in 81–2115 assume that the above cited case decides the issue concerning validity of due-on-sale clauses in Arkansas. We are not certain that the holding applies across the board and we, of course, express no opinion concerning the application of that case to the facts as alleged in the case at bar.

loan maintains that state law is preempted by federal regulations which prior to June 8, 1976, implicitly authorized due-on-sale clauses and after that date expressly did so.

The regulations in question here were promulgated pursuant to Home Owners Loan Act of 1933. 12 U.S.C. §§ 1461 *et seq.* Since 1948, the Federal Home Loan Bank Board, which is responsible for chartering and regulating federal savings and loan associations, had a regulation which specifically required that each "loan contract" of a federal savings and loan association "shall provide for *full protection* to the federal association." 12 C.F.R. § 545.6–11 (1975) (emphasis added). *See Glendale Federal Savings & Loan Association v. Fox*, 459 F.Supp. 903, 906–07 (C.D.Cal.1978). In 1976, the Bank Board amended the regulations to expressly authorize due-on-sale clauses. The new regulation stated, in an apparent attempt to suggest that such clauses have always been enforceable, that an "association *continues* to have the power to include" due-on-sale clauses. *See* 12 C.F.R. § 545.8–3(f) (1981) (emphasis added). The Bank Board expressly stated, when it promulgated this regulation, that it was intended to preempt state law in this area. Preamble to Bank Board Resolution No. 76–296, dated April 28, 1976.

The defendants in this case filed a motion to dismiss claiming that the court lacked subject matter jurisdiction. The district court[4] exhaustively examined the relevant precedents and granted the motion stating:

> We hold that we do not have subject matter jurisdiction of plaintiff's action for foreclosure as it relies on federal law only as it anticipates the mortgagors' defense and seeks to avoid the defense by asserting federal preemption of state law. We hold that we do not have subject matter jurisdiction over plaintiff's action for a declaratory judgment because we would not have jurisdiction of any underlying action, federal law entering such action only in anticipation and avoidance

of mortgagors' defense based upon *Tucker v. Pulaski Federal Savings & Loan Assoc.*, 252 Ark. 849, 481 S.W.2d 725. *First Federal Savings & Loan Association v. Anderson, et al.*, slip op. at 7, Civil No. 81–5015 (W.D.Ark. Oct. 6, 1981).

### B. *Twin City Federal Savings & Loan Association v. Gelhar*

This consolidated case has a very similar background. The plaintiff in this case is Twin City Federal Savings & Loan Association. Twin City issued a mortgage to Joseph and Pamela Gelhar in December 1977, securing a loan of $49,400 and concerning land in Hastings, Minnesota. The interest rate on the loan was nine percent per annum and the note had a term of thirty years.

In March 1981, the Gelhars conveyed the property to Robert McDonough and Diane M. Fuhr without Twin City's consent. The mortgage contained a due-on-sale clause which was substantially the same as the examples given above.

Twin City also issued a similar mortgage to Kenneth and Margean Hoeg securing a note for $52,000 at twelve percent per annum with a thirty-year term. It was secured by property in Maple Grove, Minnesota. At one time, the Hoegs entered into a purchase agreement to sell the property securing the promissory note.

Twin City filed nearly identical complaints against the Gelhars, McDonough and Fuhr in one suit and the Hoegs in another. The plaintiff prayed for a declaratory judgment "determining that federal law exclusively governs the validity * * * of the subject acceleration clause * * *; that [the plaintiff] is entitled to accelerate the balance due on the promissory note * * and to initiate foreclosure proceedings." The validity of due-on-sale clauses in Minnesota has been called into question as a result of a statutory provision and case law. *See Holiday Acres No. 3 v. Midwest Federal Savings & Loan Association*, 308 N.W.2d 471, 475 n.1 (Minn.1981).

**4.** The Honorable Paul X Williams, Senior United States Judge for the Western District of Arkansas, presiding.

Just as in the Arkansas case, the defendants filed motions to dismiss claiming that the court lacked subject matter jurisdiction. The district court [5] considered the two suits in a single memorandum and concluded that the "claim of federal preemption in this context is defensive in nature and as such will not support federal jurisdiction." *Twin City Federal Savings & Loan Association v. Gelhar*, 525 F.Supp. 802, 804 (D.Minn.1981).[6]

## II. DISCUSSION

The single question presented in these combined cases is: does federal question jurisdiction encompass these claims? The appellants in both cases rely upon 28 U.S.C. §§ 1331, 1337. Section 1331 states simply, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1337 gives a similar formula providing for jurisdiction in cases "arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies * * *." 28 U.S.C. § 1337.[7]

The key language in both statutes is "arising under." The exact meaning of this seemingly simple phrase is uncertain and no clear test has yet been developed to determine what cases "arise under" the constitution, laws or treaties of the United States. *Springfield Television, Inc. v. City of Springfield*, 428 F.2d 1375, 1378 (8th Cir. 1970) (citing C. Wright, Handbook of the Law of Federal Courts, § 17, at 63–64 (1976)). *See Gully v. First National Bank*, 299 U.S. 109, 112–13, 57 S.Ct. 96–97, 81 L.Ed. 70 (1936).

■ Some rules concerning the interpretation of this language are well settled, however. The most basic are perhaps that a right created by federal law must be an essential element of the plaintiff's cause of action and that the federal claim must appear on the face of the "well pleaded complaint." The complaint will not serve as the basis of subject matter jurisdiction insofar as it goes beyond a statement of the plaintiff's cause of action and anticipates or *replies to a probable defense*. *Gully v. First National Bank, supra*, 299 U.S. at 112–13, 57 S.Ct. at 96–97 (emphasis added).[8]

5. The Honorable Edward J. Devitt, Senior United States Judge for the District of Minnesota, presiding.

6. In an alternative holding, the district court concluded that, even if it had jurisdiction, these cases are not appropriate for declaratory judgment consideration. It noted that 28 U.S.C. § 2201 grants district courts the discretion to declare judgments but it does not impose a duty to do so. The court decided that where, as in this case, a declaratory judgment would not terminate the controversy but serve only as a preface to a statutory foreclosure proceeding under state law, it should not exercise its discretion. *Twin City Fed. Sav. & Loan Ass'n v. Gelhar*, 525 F.Supp. 802, 804–05 (D.Minn.1981).

Because of our holding, we need not pass on this question. ·

7. For purposes of the case at bar, it is clear that the same standards apply to § 1331 and § 1337. *See Madsen v. Prudential Fed. Sav. & Loan Ass'n*, 635 F.2d 797, 800 n.6 (10th Cir. 1980), *cert. denied*, 451 U.S. 1018, 101 S.Ct. 3007, 69 L.Ed.2d 389 (1981). *See also Springfield Television, Inc. v. City of Springfield*, 428 F.2d 1375, 1378 (8th Cir. 1970) (citing cases).

8. Some commentators have criticized the well-pleaded complaint rule as unnecessarily and impractically restricting the business of federal courts. *See*, C. Wright, Handbook of the Law of Federal Courts, § 18 at 69–70 (1976). An often used example is one of the most famous applications of the rule. *See Louisville & Nashville R. R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). In this case's first trip to the Supreme Court, it was held that the plaintiffs had anticipated a federal defense, that is, their federal claim was not a part of the well-pleaded complaint and thus the federal district court did not have jurisdiction. *Id.* The Mottleys then began again in state court. Although the federal question was insufficient to support original jurisdiction, it did suffice to provide the United States Supreme Court with appellate jurisdiction when the Mottleys appealed from the state court decision. Three years after dismissing the case, the Supreme Court reached the merits. *See Louisville & Nashville R. R. v. Mottley*, 219 U.S. 467, 31 S.Ct. 265, 55 L.Ed. 297 (1911). The circuitous route followed by the Mottleys to resolve their federal claim demonstrates, first, that original federal question jurisdiction is not coextensive with the constitutional grant of jurisdiction and, second, the practical inconvenience of the rule in certain circumstances. C. Wright, Handbook of the Law of the Federal Courts, *supra*, § 18.

Indeed, the case at bar, the merits of the suit filed by plaintiff have been decided by an

In both of these suits the plaintiffs seek declaratory judgments. It is well settled that the declaratory judgment statute is strictly remedial in nature and does not provide a separate basis for subject matter jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72, 70 S.Ct. 876, 878–879, 94 L.Ed. 1194 (1950). *See* 10 C. Wright, A. Miller, Federal Practice and Procedure, §§ 2766, 2767 at 841–49 (1973).

Despite the confusion surrounding the application of "arising under," the Eighth Circuit has established a rule which is controlling in the case at bar. In a series of three cases, this court has specifically held that an assertion of federal preemption as a defense to a state law claim does not provide an adequate basis for federal question jurisdiction. *Lawrence County v. South Dakota*, 668 F.2d 27, 31 (8th Cir. 1982); *First National Bank of Aberdeen v. Aberdeen National Bank*, 627 F.2d 843, 850–53 (8th Cir. 1980) (en banc); *Home Federal Savings & Loan Association v. Insurance Department of Iowa*, 571 F.2d 423, 426–27 (8th Cir. 1978).

In *Lawrence County*, there was a conflict between a federal statute and the South Dakota Codified Laws with regard to the expenditure of federal funds by the county. Federal statute permitted the funds to be used for "any governmental purpose." The state law required that federal and state payments be distributed in the same manner as taxes are distributed. South Dakota law requires that the school districts receive sixty percent of county tax receipts. *See Lawrence County v. South Dakota, supra*, 668 F.2d at 28. Lawrence County brought suit against certain school districts seeking a determination that the federal statute preempted the restrictions imposed by state law.

The court, on its own motion, raised the jurisdictional issue. In analyzing this question, the court noted that in declaratory judgment actions it is sometimes necessary to realign the parties. This is done to determine whether the declaratory plaintiff affirmatively asserts a federal claim, or seeks in effect to establish a defense against a cause of action which the declaratory defendant might assert in state court. *Lawrence County v. South Dakota, supra*, 668 F.2d at 30 (citing *Public Service Commission v. Wycoff Co.*, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952)). The *Lawrence County* court stated that the "county's complaint asserts a defense against a potential claim to the funds by the school district." This potential claim would be solely based on state law. *Lawrence County v. South Dakota, supra*, 668 F.2d at 31. The court then concluded that this "defensive assertion of the preemption doctrine * * * cannot convert the action into one arising under federal law within the meaning of 28 U.S.C. § 1331." *Id.*

The case at bar is factually similar but not identical. If we are to realign the parties as described by the *Wycoff* opinion, the thrift institutions would likely remain the plaintiffs. They would bring a contractual claim based upon the mortgages seeking to accelerate the remaining balances, clearly a state law claim. It could be expected that the defendants would raise the affirmative defenses provided by their respective state laws calling into question the validity of due-on-sale clauses. It is only at this point, in response to the affirmative defense, that the plaintiff would assert the federal preemption argument. It would act as a defense to the state law claim. *See Smart v. First Federal Savings & Loan Association, supra*, 500 F.Supp. at 1157–58.

The Supreme Court has stated that the "plaintiff's claim itself must present a federal question 'unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.'" *Skelly Oil Co. v. Phillips Petroleum Co., supra*, 339 U.S. at 672, 70 S.Ct. at 879 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1913)). Further, as noted above, the *Gully*

appeal before the United States Supreme Court. The jurisdictional issue which is so troublesome here is not important in that case because it is an appeal from the California Court of Appeals. *See Fidelity Fed. Sav. & Loan Ass'n v. De La Cuesta,* —— U.S. ——, 102

S.Ct. 3014, —— L.Ed.2d —— (1982) (Federal Home Loan Bank Board's due-on-sale legislation preempts conflicting state limitations on due-on-sale practices of federal savings and loan associations).

Court wrote that the complaint could not serve as a basis of federal jurisdiction insofar as it "anticipates or *replies to* a probable defense." *Gully v. First National Bank, supra,* 299 U.S. at 113, 57 S.Ct. at 97 (emphasis added). The conclusion is inescapable that the plaintiffs' reliance on the federal regulation replies to a probable defense. This observation, coupled with the unequivocal Eighth Circuit authority, requires us to dismiss these cases for lack of a federal question. *See Schultz v. Coral Gables Federal Savings & Loan Association,* 505 F.Supp. 1003 (S.D.Fla.1981); *Smart v. First Federal Savings & Loan Association, supra,* 500 F.Supp. at 1159; *People v. Glendale Federal Savings & Loan Association,* 475 F.Supp. 728 (C.D.Cal.1979). *See also Madsen v. Prudential Federal Savings & Loan Association,* 635 F.2d 797 (10th Cir. 1980).[9]

Affirmed.

---

9. *Contra Williams v. First Fed. Sav. & Loan Ass'n of Arlington,* 500 F.Supp. 307 (E.D.Va. 1980), *aff'd,* 651 F.2d 910, 912 n.2 (4th Cir. 1981) (involving application of due-on-sale clause but without the issue of preemption being presented); *Bailey v. First Fed. Sav. & Loan Ass'n of Ottawa,* 467 F.Supp. 1139 (C.D.Ill. 1979). *Cf. Conference of Fed. Sav. & Loan Ass'ns v. Stein,* 604 F.2d 1256, 1259–60 (9th Cir. 1979) (concerns analogous federal regulation and although the court labels the issue as "federal question" jurisdiction, it analyzes the issue as a problem of justiciability), *aff'd mem.,* 445 U.S. 921, 100 S.Ct. 1304, 63 L.Ed.2d 754 (1980).