**VICTOR FOODS, INC., Appellant,**

v.

**CROSSROADS ECONOMIC DEVELOPMENT OF ST. CHARLES COUNTY, INC.; Landmark Bank of St. Charles County, successor in interest to First National Bank of St. Charles; Small Business Administration, an agency of the United States Government; Victor Orlowski; Sharon Orlowski, Appellees.**

**No. 92–1211.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 18, 1992.

Decided Sept. 24, 1992.

Stephen J. Nangle, St. Louis, Mo., argued, for Victor Foods, Inc.

David T. Hamilton, St. Louis, Mo., argued, for Magna Bank.

Claire M. Schenk, Asst. U.S. Atty., St. Louis, Mo., argued, for U.S.

Lawrence C. Friedman and Mike W. Bartolacci, St. Louis, Mo., argued, for Crossroads Economic Development Corp.

Before RICHARD S. ARNOLD, Chief Judge, FAGG, and MAGILL, Circuit Judges.

PER CURIAM.

This action arises from a small business venture. Crossroads Economic Development Corporation of St. Charles County, Inc. (Crossroads) purchased property, constructed a food processing plant on the property, and then leased the plant to Victor Foods, Inc. (VF). The Small Business Administration (SBA) and Landmark Bank of St. Charles County (Landmark) provided financing for the transaction. The parties signed the lease and an assignment on July 13, 1978. In April 1991, VF brought this action against the SBA, Crossroads, Landmark, and Victor and Sharon Orlowski.

In the complaint, VF alleged the lease required Crossroads to construct sewer lines at the plant within one year and pay costs incurred by VF to portage its wastewater during the interim. Around December 1, 1978, VF assumed possession of the leased premises and began paying for the cost of portaging wastewater. On July 13, 1979, however, Crossroads had not completed the sewer lines or reimbursed VF for the cost of portaging wastewater as the lease required. In October 1988, VF filed a complaint against the SBA and other defendants. While the complaint was pending, VF was adjudicated bankrupt. The district court granted VF's motion to dismiss its complaint. In April 1991, VF refiled the complaint.

Count I of VF's complaint seeks a declaratory judgment against all defendants, count II presents a breach of contract claim against the SBA and Crossroads, and count III presents a fraud claim against Crossroads and Landmark. The SBA filed a motion to dismiss counts I and II asserting the six-year general federal statute of limitations, 28 U.S.C. § 2401 (1988), had expired. Crossroads and Landmark filed motions to dismiss for lack of subject matter jurisdiction. Concluding the federal statute of limitations had expired, the district court dismissed VF's claims against the SBA with prejudice. The district court dismissed without prejudice the claims against Crossroads, Landmark, and the Orlowskis because VF failed to allege any basis for subject matter jurisdiction over these defendants in the complaint. VF appeals, and we affirm.

██ Under 28 U.S.C. § 2401(a), "every civil action commenced against the United States [is] barred unless the complaint is filed within six years after the right of action first accrues." A cause of action accrues when there are facts enabling one party to maintain an action against another. *Konecny v. United States*, 388 F.2d 59, 65 (8th Cir.1967). The facts alleged in VF's complaint show VF's action first accrued on July 13, 1979, when Crossroads had failed to perform its obligations under the lease. Thus, the district court correctly concluded VF could have brought this action on July 13, 1979, more than six years before VF filed suit against the SBA in 1988 or 1991. VF contends a novation occurred, but this contention is raised for the first time on appeal. Thus, we will not consider it.

██ Relying on the bankruptcy code's automatic stay provision, 11 U.S.C. § 362

(1988), and the Missouri saving statute, Mo. Rev.Stat. § 516.230 (1986), VF contends this action relates back to the 1988 filing. This contention is totally meritless. VF's bankruptcy does not toll the statute because the automatic stay applies to actions filed against rather than by VF. *Martin–Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir.1989); *see* 11 U.S.C. § 362(a)(1) (1988). Further, the Missouri savings statute is irrelevant because state tolling and savings provisions do not apply when Congress has provided a federal statute of limitations for a federal claim. *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991); *see Garrison v. International Paper Co.*, 714 F.2d 757, 759 n. 2 (8th Cir. 1983) (because a federal statute of limitations governs Title VII actions, Arkansas savings clause did not apply). Even if this action did relate back to the 1988 filing, the action would still have been filed more than six years after the action accrued.

■ The district court also properly concluded VF's complaint failed to allege any basis for subject matter jurisdiction over the remaining defendants: Crossroads, Landmark, and the Orlowskis. VF must sufficiently allege the basis for federal subject matter jurisdiction in its complaint. *Bowe v. Northwest Airlines, Inc.*, 974 F.2d 101, 103 (8th Cir.1992). VF's complaint based jurisdiction on 15 U.S.C. § 634, 15 U.S.C. § 696, and 28 U.S.C. § 2201. Section 634 allows the SBA to be sued in any federal district court but does not create a federal question sufficient to confer subject matter jurisdiction over private parties joined as the SBA's codefendants absent some other jurisdictional basis. *See Munoz v. Small Business Admin.*, 644 F.2d 1361, 1365–66 (9th Cir.1981); *Benson v. United States Small Business Admin.*, 644 F.2d 1366, 1367 (9th Cir.1981); *cf. Johnston v. Citizens Bank & Trust Co.*, 659 F.2d 865, 870 (8th Cir.1981) (exercising jurisdiction under 15 U.S.C. § 634(b)(1) and 28 U.S.C. § 1331). Similarly, the Declaratory Judgment Act, 28 U.S.C. § 2201 (1988), does not provide an independent basis for federal jurisdiction. *First Fed. Sav. & Loan Ass'n v. Anderson*, 681 F.2d 528,

533 (8th Cir.1982); *see also Nashoba Communications Ltd. Partnership No. 7 v. Town of Danvers*, 893 F.2d 435, 437 (1st Cir.1990). Here, the complaint does not contain allegations of citizenship supporting complete diversity. Indeed, the complaint suggests VF, Crossroads, Landmark, and the Orlowskis are all Missouri citizens. Additionally, VF's allegations of Crossroads's agency relationship with the SBA and loans made under 15 U.S.C. § 696 do not turn VF's contract and fraud claims into federal ones. *See United States v. Turtle Mountain Hous. Auth.*, 816 F.2d 1273, 1275 (8th Cir.1987). Thus, no independent basis for federal jurisdiction over Crossroads, Landmark, or the Orlowskis existed.

■ Finally, the district court properly denied VF's technically deficient and futile "motion" to amend its complaint. The "motion" was one vague sentence on page fourteen of VF's memorandum in opposition to the motion to dismiss. VF proposed adding an allegation that federal question jurisdiction exists over Crossroads, Landmark, and the Orlowskis. VF, however, did not propose any new or different allegations that would have changed the district court's analysis of the jurisdictional issues. Also, the district court's dismissal without prejudice leaves VF free to file its action against Crossroads, Landmark, and the Orlowskis in state court.

Accordingly, we affirm.