**THOUSAND FRIENDS OF IOWA, et al., Plaintiffs,**

v.

**THE IOWA DEPARTMENT OF TRANSPORTATION and the City of West Des Moines, Defendants.**

**No. CIV. 4–01–CV–10738.**

United States District Court, S.D. Iowa, Central Division.

Sept. 20, 2002.

Deborah M Tharnish, William J Koehn, Sharon K Malheiro, Davis Brown Koehn Shors & Roberts PC, Des Moines, Neil T Proto, Steven R Johnson, Verner Liipfert Bernhard McPherson & Hand Chartered, Washington, DC, for Thousand Friends of Iowa, Corey Day, on behalf of himself and all other similarly situated, Jennifer Wilken, on behalf of herself and all others similarly situated, Lavonne Kimmes, on behalf of herself and all others similarly situated, Bobbye J McMurray, Wilbur Butch Devine, Jr, on behalf of himself and all others similarly situated, Merle Hay Mall, Valley West DM, plaintiffs.

David A Ferree, Mark Hunacek, Iowa Attorney General, General Counsel Div—Dot, Ames, Edward W Remsburg, Nathan J Overberg, Ahlers & Cooney PC, Des Moines, for Iowa Department of Transportation, West Des Moines, City of, defendants.

## ORDER

LONGSTAFF, Chief Judge.

On January 25, 2002, defendant Iowa Department of Transportation ("IDOT")

filed a motion to dismiss plaintiffs' original complaint. Defendant City of West Des Moines ("the City") filed a corresponding motion on February 4, 2002.

Plaintiffs filed a motion for leave to amend their complaint on February 15, 2002, which was granted on April 5, 2002. In the interim, IDOT and newly added individual state defendants Mark Wandro and Scott Dockstader (collectively, "the state defendants") filed a motion to dismiss the amended complaint on March 6, 2002, and the City of West Des Moines filed a corresponding motion on April 10, 2002. Plaintiffs filed a "supplemental resistance" to both motions on April 22, 2002, and the City filed a reply on April 29, 2002. The motions are fully submitted.[1]

## I. BACKGROUND

Plaintiffs characterize this action as an attempt "to remedy violations of federal law arising out of defendants' actions to thwart the lawful review under the National Environmental Policy Act [ ('NEPA'), 42 U.S.C. §§ 4321 *et seq.*] of two major interchange proposals on Interstate 80 ('I–80') and Interstate 35 ('I–35') in West Des Moines, Iowa." Amended Complaint at ¶ 1. Specifically, count one of the Amended Complaint alleges that the City, IDOT, Mark Wandro and Scott Dockstader colluded to violate the statute by manipulating the NEPA review process. Amended Complaint at ¶ 55. Count two of the Amended Complaint contends defendants violated NEPA by taking certain steps, including entering into preconstruction agreements for improvements to the interchanges at 74th Street and I–80 in West

1. The parties' motions to dismiss the Original Complaint were rendered moot upon plaintiffs' filing of their Amended Complaint. The Court also notes that oral argument has been requested. During the June 24, 2002 hearing held regarding plaintiffs' motion for a preliminary injunction in the corresponding case,

*One Thousand Friends of Iowa v. Mineta,* 4:02–cv–10168 (S.D.Iowa 2002), the parties were given the opportunity to supplement the record on the pending motions to dismiss in both cases, and agreed the motions could be considered fully submitted on the briefs.

Des Moines, before the Federal Highway Association ("FHWA") had completed its NEPA review process. The Amended Complaint requests the following forms of relief:

a. A declaration that defendants, directly and indirectly, unlawfully colluded to prevent the lawful review of the environmental impacts of the proposed action under NEPA;

b. A declaration that the issuance by West Des Moines of General Obligation Bonds or any other form of financing for the widening of 74th Street be declared null and void and in violation of NEPA, including but not limited to any financing for which, directly or indirectly, West Des Moines will seek federal or federally supported State reimbursement;

c. A declaration that any condemnation of properties by West Des Moines in furtherance of the widening of 74th Street be declared null and void and in violation of NEPA;

d. A declaration that any Preconstruction Agreements or other technical or financial assistance agreements entered into by West Des Moines and IDOT, under the authority of the defendants, be declared null and void and in violation of NEPA;

e. Permanent injunctive relief under NEPA preventing defendants from participating in the NEPA review process, including the preparation of the EA and any FHWA decision making concerning either interchange;

f. Permanent injunctive relief under NEPA and pursuant to this Court's power under the All Writs Act against defendants to maintain the status quo and prevent defendants from taking any actions in furtherance of the construction or financing of the proposed interchange improvements and related improvements, including the condemnation of property along 74th Street, design, planning and construction of the widening of 74th Street, the sale of revenue and general obligation bonds, and the entering and execution of construction agreements related to the interchange at 74th Street and I-80, and I-35 and Civic Parkway;

g. Injunctive relief pursuant to the All Writs Act against defendants to maintain the status quo and prevent defendants from taking any further actions in order to preserve the court's jurisdiction under the APA and NEPA regarding final agency review.

h. An award of all costs, including reasonable attorneys fees, and expenses, incurred by plaintiffs in prosecuting this action; and

i. An award of such other relief, including an award of damages in an amount to be proved at trial, as this Court deems just and proper.

Amended Complaint at 22–23. Plaintiffs emphasize that they "do not seek in this action any relief relating to the adequacy of the EA that is still under review." Amended Complaint at ¶ 3.

Meanwhile, the FHWA completed its NEPA review process with respect to the interchange projects at issue and on March 1, 2002, issued a Finding of No Significant Impact ("FONSI"). Shortly thereafter, on April 8, 2002, plaintiffs filed a new action under the Administrative Procedures Act, 5 U.S.C. §§ 701–706, setting forth allegations virtually identical to those alleged in the present Amended Complaint. *See One Thousand Friends of Iowa v. Mineta*, 4:02–cv–10168 (S.D.Iowa 2002).

## II. APPLICABLE LAW AND DISCUSSION

### A. Whether Amended Complaint Should be Dismissed on Jurisdictional and Mootness Grounds

In their present motions to dismiss, both the City and the state defendants argue that plaintiffs have failed to identify an appropriate basis for federal court jurisdiction. Alternatively, all defendants claim that any jurisdictional basis that may have existed was eliminated by the FHWA's completion of the NEPA review process and issuance of the FONSI.

Plaintiffs resist this argument, claiming that this Court has subject matter jurisdiction under three separate statutes: 28 U.S.C. § 1331; the All Writs Act, 28 U.S.C. § 1651; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. This Court is not convinced.

### 1. 28 U.S.C. § 1331

■ As explained by the Eighth Circuit in *Sabhari v. Reno,* 197 F.3d 938, 943 (8th Cir.1999):

> Section 1331 is familiar, of course, as the general grant of civil federal question jurisdiction to the district courts for actions arising under the Constitution, laws, or treaties of the United States.... *Nevertheless, § 1331 does not, in and of itself, create substantive rights in suits brought against the United States....*

Internal citations omitted, emphasis added. Furthermore, the underlying federal claim must appear on the face of the complaint. *First Federal Savings & Loan Ass'n v. Anderson,* 681 F.2d 528, 532 (8th Cir.1982).

■ Both Counts one and two of plaintiffs' Amended Complaint allege defendants' alleged conduct violated NEPA. *See* Amended Complaint at 19–21. No other substantive federal law is addressed. As noted by defendants, however, "NEPA does not authorize a private right of action." *Central S.D. Coop. Grazing Dist. v. Sec'y of the United States Dep't of Ag.,* 266 F.3d 889, 894 (8th Cir.2001). Nor does it "regulate the conduct of private parties or state or local governments." *Sierra Club v. United States EPA,* 995 F.2d 1478, 1479 (9th Cir.1993). Rather, NEPA regulates the federal government and/or agency. Accordingly, the Court finds plaintiffs have failed to allege a substantive federal claim that could support this Court's exercise of federal question jurisdiction under 28 U.S.C. § 1331.

### 2. The Declaratory Judgment Act

■ Plaintiffs also attempt to establish subject matter jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, *see* Amended Complaint at ¶ 17. Similar to section 1331, however, the Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction, but rather, "enlarged the range of remedies available" for cases otherwise within the court's jurisdiction. *Missouri ex rel. Missouri Hwy & Transp. Comm'n v. Cuffley,* 112 F.3d 1332, 1334 (8th Cir.1997); *see also Anderson v. Sullivan,* 959 F.2d 690, 693 n. 4 (8th Cir.1992) (Act "presupposes an independent form of jurisdiction ... [and] does not expand the jurisdiction of the federal courts"). In fact, plaintiffs acknowledge in their resistance memorandum that they cite to the Declaratory Judgment Act in the jurisdictional allegations of their Amended Complaint simply to inform the Court they seek declaratory relief "and this Court has the authority to grant it." Plaintiffs' Supplemental Opposition to the City of West Des Moines' Motion to Dismiss the Amended Complaint at 9.

### 3. The All Writs Act

In their supplemental resistance memorandum, plaintiffs allege this Court may

exercise subject matter jurisdiction based on the "extraordinary powers" instilled within the federal courts under the All Writs Act, 28 U.S.C. § 1651. *See* Plaintiffs' Supplemental Opposition to the City of West Des Moines' Motion to Dismiss the Amended Complaint at 9. Again, this Court does not agree.

■ The All Writs Act provides as follows:

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

(b) An alternative writ or rule may be issued by a justice or judge of a court which has jurisdiction.

28 U.S.C. § 1651. As noted by plaintiffs, the United States Supreme Court has held:

The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.' The exercise of this power *'is in the nature of appellate jurisdiction' where directed to an inferior court, Ex parte Crane, 5 Pet. 190, 193, 8 L.Ed. 92 (1831), and extends to the potential jurisdiction of the appellate court where an appeal is not then pending but may be later perfected. Cf. Ex parte Bradstreet,* 7 Pet. 634, 8 L.Ed. 810 (1833).

. . . .

This grant includes the traditional power to issue injunctions to preserve the status quo while administrative proceedings are in progress and prevent impairment of the effective exercise of appellate jurisdiction.

*Federal Trade Comm'n v. Dean Foods Co.,* 384 U.S. 597, 603–04, 86 S.Ct. 1738, 16 L.Ed.2d 802 (1966) (emphasis added). Again, however, the All Writs Act does not provide an independent, substantive basis upon which this Court may base subject matter jurisdiction. Rather, it empowers a federal court to issue injunctive or other appropriate relief "in aid" of its jurisdiction. 28 U.S.C. § 1651; *see also Cox v. West,* 149 F.3d 1360, 1363 (Fed.Cir.1998) ("It is well established that the [All Writs Act] does not expand a court's jurisdiction.... Rather, as explicitly stated in the [Act] itself, the Act provides for the issuance of writs 'in aid of' the jurisdiction *already possessed by a court.*") (emphasis added).

■ As held in *Dean Foods,* the issuance of an injunction under authority of the All Writs Act may have been appropriate during the initial stages of the present litigation to preserve the status quo pending completion of the NEPA review process.[2] *Dean Foods,* 384 U.S. at 604, 86 S.Ct. 1738. Because the administrative proceedings are now complete, however, plaintiffs' APA claim is ripe for review, and there no longer exists any impairment or potential impairment to this Court's exercise of jurisdiction under the APA. The issuance of any temporary remedy under the All Writs Act would therefore be inappropriate.

Lacking an independent, cognizable federal claim upon which to base the exercise of federal subject matter jurisdiction, the

---

**2.** The Court notes there was a very limited window of time during which such a remedy *may* have been appropriate. The FONSI was issued even before Chief Magistrate Judge Ross Walters granted plaintiffs' motion to file their Amended Complaint. Furthermore, the fact the Court had authority during this limited time period does not mean such an injunction would have been appropriate under the factors set forth in *Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 114 (8th Cir.1981).

Court finds plaintiffs' Amended Complaint in the above-captioned matter is appropriately dismissed.

### B. Other Issues

The Court notes IDOT has also moved to dismiss based on Eleventh Amendment Immunity grounds, and the City challenges whether plaintiffs Merle Hay Mall and Valley West Mall have standing to bring an action for alleged NEPA violations. Because the Court has found it lacks subject matter jurisdiction over the Amended Complaint, there is no need to address either issue in the context of the present litigation.

### III. CONCLUSION

For the reasons set forth above, IDOT's and the City's motions seeking to dismiss the Original Complaint, filed January 25, and February 4, 2002, respectively, are denied as moot. The state defendants' and the City's motions to dismiss the Amended Complaint, filed March 6, and April 10, 2002, are granted. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiffs.

IT IS ORDERED.